# Cv4UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

U.S. Courthouse & Federal Building
Office of the Clerk
2110 First Street, Room 2-194
Fort Myers, FL 33901
(239) 461-2000
www.flmd.uscourts.gov

| | |
|---|---|
| **Elizabeth M. Warren** | **Leslie M. Friedmann** |
| Clerk of Court | Fort Myers Division Manager |

**DATE:** February 18, 2025

**TO:**   Clerk, U.S. Court of Appeals for the Eleventh Circuit

---

VEDRICK LAMONTE SYMONETTE,

    Plaintiff,

v.                                               Case No:   2:25-cv-48-JLB-NPM

MARIA GALMARINI, et al.,

    Defendant.

---

**U.S.C.A. Case No.:**        new appeal

- Honorable John L. Badalamenti  United States District Judge appealed from.

- Appeal filing fee was not paid.

- Certified copy of Notice of Appeal, docket entries, judgment and/or Order appealed from.  Opinion was not entered orally.

ELIZABETH M. WARREN, CLERK

By:    s/J. Keeler, Deputy Clerk

UNITED STATES COURT OF APPEAL FOR THE FEDERAL CIRCUIT

Vedrick LaMonte Symonette X07229
Secured Party

RECEIVED BY
UNION CORRECTIONAL INSTITUTION
FEB 12 2025
FOR MAILING

vs

Case No. 2:25-cv-00048-JLB-NPM

MARIA GALMARINI, et al.,
Debtor(s)

FILED - USDC - FLMD - FTM
FEB 18 2025 PM 1:33

## NOTICE OF APPEAL

I AM, SOVEREIGN POLITICAL POWER HOLDER, SECURED PARTY, Vedrick LaMonte Symonette, Personam Sojurn and one of the People of the Posterity, pursuant to 28 U.S.C. 1295(a) files NOTICE OF APPEAL, to the United States Court of Appeal for the Federal Circuit, the dismissal of my WRIT OF REPLEVIN action in the United States Middle District Court of Florida on February 6 2025 by Judge Badalamenti. In support thereof, Secured Party, "Mr. Symonette" will assert the following:

1. Mr. Symonette asserts I am the Lawful Secured Party and Rightful OWNER of ALL of my secured protected and covered "Collateral" proceeds private property WRONGFULLY DETAINED in the United States and the State of Florida under X07229; because I enjoy

(1)

a PERFECTED SECURITY INTEREST in my private property "Collateral" proceeds by the necessity filing of my Florida Uniform Commercial Code FINANCING STATEMENT (Exhibit 1) and my authenticated SECURITY AGREEMENT (Exhibit 2); which under CONGRESSIONAL LAW : PUBLIC POLICY HOUSE JOINT RESOLUTION 192 of JUNE 5 1933, authorizes me to statutorily claim my "Collateral" proceeds and "DISCHARGE" all debts; under the United States and the State of Florida CONSTITUTION (s). see Dorrough v U.S. 13 Fed Appx. 954 (2001).

## RELIEF

The U.S. Court of Appeal for the Federal Circuit must enforce my PERFECTED SECURITY INTEREST in my private property "Collateral" proceeds and "Settle and Close" all public accounts in my name; pay me interest and damages from May 10 1971 to PRESENT; RELEASE MY PHYSICAL BODY (PERSONAL PROPERTY) FROM WRONGFUL DETAINMENT in the State of Florida under X07229; Open Treasury Direct Account with mandatory fiduciary duty to "DISCHARGE" any and all past present and future debts against me by the Secretary of the United States Department of the Treasury.

Without Prejudice

Mr. Vedrick LaMonte Symonette X07229
Union Correctional Institution
P.O. Box 1000
Raiford Florida 32083
SECURED PARTY

(2)

APPEAL,CLOSED,FTMP-2

# U.S. District Court
# Middle District of Florida (Ft. Myers)
# CIVIL DOCKET FOR CASE #: 2:25-cv-00048-JLB-NPM

Symonette v. Galmarini et al  
Assigned to: Judge John L. Badalamenti  
Referred to: Magistrate Judge Nicholas P. Mizell  
Cause: 42:1983 Prisoner Civil Rights  

Date Filed: 01/21/2025  
Date Terminated: 02/06/2025  
Jury Demand: None  
Nature of Suit: 540 Mandamus & Other  
Jurisdiction: Federal Question  

**Plaintiff**

**Vedrick LaMonte Symonette**     represented by   **Vedrick LaMonte Symonette**  
X07229  
Union Correctional Institution  
P.O. Box 1000  
Raiford, FL 32083  
PRO SE  

V.

**Defendant**

**Dr. Maria Galmarini**

**Defendant**

**Dr. Ralph D. Richardson**

**Defendant**

**Judge Zachary C Bolitho**

**Defendant**

**Judge Wendy W. Berger**

**Defendant**

**Judge T. Kent Wetherell, II**

**Defendant**

**Jonathan A. Heller**

**Defendant**

**Pamela Bondi**

**Defendant**

**Jessica J. Lyublanovits**

**Defendant**

Tiann Stark

**Defendant**

World Liberty Financial

**Defendant**

Sgt. Sargeant

**Defendant**

Sgt. B. Davis

**Defendant**

Officer Emily Thurman

**Defendant**

Lt. Taylor

**Defendant**

Sgt. Cotton

**Defendant**

Individual Master File

**Defendant**

Officer J. Norton

**Defendant**

Sgt. Richard

**Defendant**

Lieutenant Wilkson

**Defendant**

Lt. Morgan

**Defendant**

Ms. Thornton

**Defendant**

Officer Lapau

**Defendant**

Officer Shores

**Defendant**

Officer T. Copes

**Defendant**

Officer M.G. Miller

**Defendant**

Officer A. Johnson

**Defendant**

Officer Carona

**Defendant**

Captain Johnson

**Defendant**

Insurance Commissioner of Florida

**Defendant**

Governor Ron DeSantis

**Defendant**

Jimmy Patronis
*Chief Financial Officer*

**Defendant**

Ashley Moody
*Attorney General*

**Defendant**

Daniel Palardy

**Defendant**

Ryan Dean Newman

**Defendant**

Judge Kathleen M. Williams

**Defendant**

Sandra Lipman

**Defendant**

Katherine Fernandez Rundle

**Defendant**

Judge Diane Ward

**Defendant**

Harvey Ruvin
*Clerk*

**Defendant**

Ricky D. Dixon

**Defendant**

Lt. Hott

**Defendant**

Florida Department of Legal Affairs

**Defendant**

United States Marshals

**Defendant**

State of Florida

**Defendant**

United States of America

| Date Filed | # | Docket Text |
|---|---|---|
| 02/18/2025 | 6 | NOTICE OF APPEAL as to 3 Order Dismissing Case, 4 Judgment - Prisoner by Vedrick LaMonte Symonette. Filing fee not paid. (Attachments: # 1 Mailing Envelope)(JK) (Entered: 02/18/2025) |
| 02/06/2025 | 5 | NOTICE of Local Rule 1.11(e), which provides that, unless an order states another time, a seal under Rule 1.11 expires ninety days after a case is closed and all appeals are exhausted. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non-party must move for relief before the seal expires. (Signed by Deputy Clerk). (FLY) (Entered: 02/06/2025) |
| 02/06/2025 | 4 | JUDGMENT - Plaintiff's second amended civil rights complaint is DISMISSED without prejudice. (Signed by Deputy Clerk) (FLY) (Entered: 02/06/2025) |
| 02/05/2025 | 3 | **ORDER dismissing case. 1. Plaintiff's second amended civil rights complaint is DISMISSED without prejudice. 2. The Clerk is DIRECTED to enter judgment, terminate any pending motions and deadlines, and close this file. Signed by Judge John L. Badalamenti on 2/5/2025. (BGS)** (Entered: 02/05/2025) |
| 01/21/2025 | 2 | MOTION to Proceed in Forma Pauperis by Vedrick LaMonte Symonette. (Attachments: # 1 Exhibit, # 2 Mailing Envelope)(JK) Motions referred to Magistrate Judge Nicholas P. Mizell. (Entered: 01/22/2025) |
| 01/21/2025 | 1 | COMPLAINT, titled as Writ of Replevin, against All Defendants filed by Vedrick LaMonte Symonette. (IFP Pending - Zero service copies received) (Attachments: # 1 Composite Exhibits, # 2 Mailing Envelope)(JK) (Entered: 01/22/2025) |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VEDRICK LAMONTE SYMONETTE,

    Plaintiff,

v.                                    Case No.  2:25-cv-48-JLB-NPM

MARIA GALMARINI, et al.,

    Defendants.
_____/

**ORDER OF DISMISSAL**

    This cause is before the Court on a document filed by Vedrick LaMonte Symonette, an inmate at Union Correctional Institution. (Doc. 1.) Plaintiff styles his complaint as a "Writ of Replevin" and names forty-five separate defendants. (Id. at 1.) Because Plaintiff seeks monetary damages, the Court construes the pleading as a 42 U.S.C. § 1983 civil rights complaint. (Id. at 6–7.) Plaintiff seeks leave to proceed in forma pauperis (Doc. 2), and his complaint is before the Court for initial screening.[1]

    After careful review of the pleadings, the Court dismisses this case under 28 U.S.C. § 1915(g) because Plaintiff did not pay his full filing fee when he filed his

---

[1] A prisoner who seeks to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

(construed) complaint. Alternatively, dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has not stated a constitutional claim on which relief may be granted.

I. Discussion

Plaintiff makes very few factual allegations in his pleadings. He generally asserts that he has a protected security interest in his person, which is being wrongfully detained. (Doc. 1 at 2–4.)² He demands monetary damages and a jury trial. (Id. at 6–7.) He also warns that, if the undersigned denies this case, he will "be added to this writ of replevin action and sued for all you have. I will win. You will lose." (Id. at 7.)

A. **Plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915(g).**

Plaintiff moves to proceed as a pauper. (Doc. 2.) Under 28 U.S.C. § 1915(g), a prisoner cannot proceed in forma pauperis if "on 3 or more prior occasions, while incarcerated or detained in any facility, [he] brought an action or appeal in a [federal] court . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (2020) ("To help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA)

---

² Plaintiff is being detained pursuant to a conviction for lewd and lascivious battery on a child 12 years of age or older but under 16 years of age from Miami-Dade County Circuit Court, Case No. F18-22714. See Symonette v. Dixon, Case No. 1:22-cv-21404-KMW (S.D. Fl.), docket entry 33 (order denying Symonette's petition for writ of habeas corpus).

2

established what has become known as the three-strikes rule." (citation omitted)). And "[a] dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." Lomax, 140 S. Ct. at 1727. The Court takes judicial notice of four of Plaintiff's prior federal lawsuits that were filed before this case and dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted: (1) 6:24-cv-2304-GAP-RMN (MDFL); (2) 4:24-cv-400-AW-MAF (NDFL); (3) 5:24-cv-279-TKW-MAF (NDFL); and (4) 1:24-cv-242-TKW-ZCB (NDFL).

As Plaintiff has three or more qualifying dismissals and has not alleged that he is under "imminent danger" from his continued incarceration, he is barred from proceeding in forma pauperis in this case. Thus, he was required to pay the full filing fee when he initiated this action, but he did not do so. This warrants dismissal under section 1915(g).

**B.    Plaintiff has not stated a 42 U.S.C. § 1983 claim upon which relief may be granted.**

This action is also due to be dismissed because it does not state a constitutional claim. Indeed, putting aside the fact that many (if not most) of the individuals named as defendants have some sort of immunity from suit for monetary damages and the fact that "replevin" is generally a state law claim, the claims asserted in the "Writ of Replevin" and its attachments are typical of those used by so-called "sovereign citizens." The Eleventh Circuit has affirmed the dismissal of such claims as frivolous. See. e.g., Clarke v. Adams, No. 22-14330, 2023 WL 5348896, at *1 (11th Cir. Aug. 21, 2023) (citing Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008)). Accordingly, in addition to being dismissed under section 1915(g), the construed complaint is also dismissed under 28 U.S.C. §

3

1915(e)(2)(B) as frivolous and for failure to state a claim on which relief may be granted.³

## II.   Conclusion

As discussed, this case will be dismissed without prejudice under 28 U.S.C. § 1915(g) because Plaintiff did not pay the full filing fee at the time he initiated suit, and he is barred from proceeding *pro se*.  The case is also subject to dismissal as frivolous and for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  If Plaintiff wishes to pursue his claims, he must file a new complaint—under a new case number—and pay the $402.00 filing fee.

Accordingly, it is

**ORDERED:**

1. Plaintiff's second amended civil rights complaint is **DISMISSED without prejudice.**

2. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close this file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 5, 2024.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

³ Ordinarily, the Court allows a *pro se* plaintiff a chance to amend an insufficiently pleaded complaint.  See Silberman v. Miami Dade Transit, 927 F.3d 1123, 1132 (11th Cir. 2019).  However, because there are multiple reasons for dismissal—including at least one that cannot be cured by amendment—amendment would be futile.

4

5

Copies:   Vedrick LaMonte Symonette

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VEDRICK LAMONTE SYMONETTE,

    Plaintiff

v.                                        Case No.:  2:25-cv-00048-JLB-NPM

MARIA GALMARINI et al.,

    Defendant.
_____

## JUDGMENT IN A CIVIL CASE

**Decision by Court.**   This action came before the Court and a decision has been rendered.

   **IT IS ORDERED AND ADJUDGED**

Plaintiff's second amended civil rights complaint is DISMISSED without prejudice

**Any motions seeking an award of attorney's fees and/or costs must be filed within the time and in the manner prescribed in Local Rule 7.01, United States District Court Middle District of Florida.**

Date: February 6, 2025

                                                    ELIZABETH M. WARREN,
                                                    CLERK

                                                    s/FLY, Deputy Clerk

# CIVIL APPEALS JURISDICTION CHECKLIST

1.  **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

    (b) **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d) **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5:** The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2.  **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

    (a) **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b) **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c) **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d) **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e) **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.  **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4.  **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).